

```
FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 17 2018

JAMES W. McCORMACK, CLERK
By:_____
                  DEP CLERK
```

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**DANIEL FRYER, Individually and on
Behalf of All Others Similarly Situated**                              **PLAINTIFF**

vs.                          No. 4:18-cv-_927 – DPM_

**PRIME COMMUNICATIONS, LP**                                          **DEFENDANTS**

### ORIGINAL COMPLAINT – CLASS AND COLLECTIVE ACTION

COMES NOW Plaintiff Daniel Fryer ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys Sean Short and Josh Sanford of the Sanford Law Firm, PLLC, and for his Original Complaint – Class and Collective Action against Defendant Prime Communications, LP ("Defendant"), he does hereby state and allege as follows:

*This case assigned to District Judge Marshall and to Magistrate Judge Kearney*

#### I. PRELIMINARY STATEMENTS

1. This is a class and a collective action brought by Daniel Fryer, individually and on behalf of all hourly-paid Store Managers employed by Defendant at any time within a three-year period preceding the filing of this Complaint.

2. Plaintiff bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff and other hourly-paid Store Managers lawful overtime compensation for hours worked in excess of forty (40) hours per week.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. This complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action herein alleged; accordingly, this state cause of action would be expected to be tried with the federal claim in a single judicial proceeding. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

6. Defendant conducts business within the State of Arkansas, operating as a retailer of wireless communication products, services and accessories.

7. Plaintiff was employed by Defendant in Little Rock.

8. The acts alleged in this Complaint had their principal effect within the Western Division of the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

9. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

10. Plaintiff Daniel Fryer is a resident and domiciliary of the State of Arkansas, who worked for Defendant from May 27, 2014, until November 30, 2018, as a Store Manager.

11. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA and the AMWA.

12. Defendant Prime Communications, LP is a foreign limited partnership, registered to do business in the State of Arkansas, with a principal address of 300 S Spring Street, Suite 900, Little Rock, Arkansas 72201.

13. Defendant has employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, such as computer equipment and mobile phones.

14. At all relevant times, Defendant continuously employed at least four (4) employees.

15. At all relevant times, Defendant's gross volume of sales made or business done has exceeded $500,000.00 per year.

16. Defendant's registered agent for service of process is Capitol Corporate Services, Inc., 300 South Spring Street, Suite 900, Little Rock, Arkansas 72201.

### IV. FACTUAL ALLEGATIONS

17. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as if fully set forth in this section.

18. Plaintiff worked for Defendant as a Store Manager in Monroe, Louisiana, from May 27, 2014, until approximately December of 2017; in December of 2017,

Plaintiff relocated to Defendant's Little Rock store where he continued working as a Store Manager until his employment ended on November 30, 2018.

19. Plaintiff and other Store Managers regularly worked in excess of forty (40) hours per week throughout their tenure with Defendant.

20. Plaintiff and other Store Managers were classified as hourly employees and paid an hourly rate.

21. Plaintiff and other Store Managers were also paid non-discretionary money awards and bonuses up to once per month when certain objective and measurable criteria were met.

22. In addition, Defendant paid Plaintiff and other Store Managers one-and-one-half (1.5) times their base hourly rate, exclusive of the non-discretionary bonus, for each hour they worked over forty (40) in a workweek.

23. However, Defendant did not include the bonuses and money awards paid to Plaintiff and other Store Managers in their regular rates when calculating their overtime pay.

24. Section 778.208 of Title 29 of the Code of Federal Regulations requires that non-discretionary bonuses, such as shift and hour-based premiums, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

25. Defendant violated the FLSA and AMWA by not including the non-discretionary bonuses of Plaintiff and other Store Managers in their regular rate when calculating their overtime pay.

26. Although Defendant routinely scheduled Plaintiff and other Store Managers to work in excess of forty (40) hours per week, it was Defendant's commonly applied practice to not pay Plaintiff and other Store Managers one and one-half (1.5) times their regular rate for all hours worked in excess of forty (40) hours per workweek.

27. Plaintiff and other Store Managers regularly worked 50 to 55 hours or more per week but were told they could not be clocked in for more than 47.5 hours per week.

28. Defendant's pay practices were the same for all hourly Store Managers at both the Monroe and Little Rock locations.

29. The pay practices that violate the FLSA and AMWA alleged herein were the same at all of Defendant's U.S. facilities because the policy was a centralized human resources policy implemented uniformly from the corporate headquarters in Texas.

30. At all relevant times herein, Defendant has deprived Plaintiff and all others similarly situated of a proper overtime premium for all of the hours they worked in excess of forty (40) hours in a week.

31. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and other Store Managers violated the FLSA and AMWA.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

### A.     FLSA § 216(b) Collective

32. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

33.     Plaintiff bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

34.     Plaintiff brings this FLSA claim on behalf of all Store Managers employed by Defendant at any time within the applicable statute of limitations period, who were denied a proper overtime premium of one and one-half (1.5) times their regular rate for all hours worked in excess of forty (40) per week and who are entitled to payment of the following types of damages:

    A.     Payment for all hours worked, including payment of a lawful overtime premium for all hours worked for Defendant in excess of forty (40) hours in a workweek;

    B.     Liquidated damages; and

    C.     Attorneys' fees and costs.

35.     In conformity with the requirements of FLSA Section 16(b), Plaintiff has attached hereto as Exhibit "A" his written Consent to Join this lawsuit.

36.     The relevant time period dates back three (3) years from the date on which Plaintiff's Original Complaint—Class and Collective Action was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

37.     The members of the proposed FLSA Collective are similarly situated in that they share these traits:

    A.     They were paid hourly rates;

    B.     They recorded their time in the same manner; and

    C.     They were subject to Defendant's common practice of not paying a lawful overtime premium for all hours worked over forty (40) hours per work week.

38. The employment relationships between Defendant and every proposed FLSA Collective member are the same and differ only by name, location, and rate of pay. The key issues do not vary substantially among the proposed FLSA Collective members.

39. Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believe that the group exceeds 1,000 persons.

40. Defendant can readily identify the members of the Section 16(b) Collective. The names, physical addresses, electronic mailing addresses and phone numbers of the FLSA collective action members are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action members via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

### B.   AMWA Rule 23 Class

41. Plaintiff brings this action on behalf of himself and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the AMWA pursuant to Rule 23 of the Federal Rules of Civil Procedure.

42. Plaintiff proposes to represent the class of Store Managers who are/were employed by Defendant within the relevant time period within the State of Arkansas.

43. Common questions of law and fact relate to all members of the proposed class, such as whether Defendant paid the members of the proposed class for all hours worked, including overtime in accordance with the AMWA.

44. Common questions of law and fact predominate over any questions affecting only the individual named Plaintiff, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the proposed AMWA class.

45. The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees. To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

46. Plaintiff is unable to state the exact number of the potential members of the AMWA class but believes that the class exceeds 25 persons. Therefore, the class is so numerous that joinder of all members is impracticable.

47. At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel know of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

48. Concentrating the litigation in this forum is highly desirable because Defendants do business in the Eastern District of Arkansas and because Plaintiff and all proposed class members work or worked in Arkansas.

49. No difficulties are likely to be encountered in the management of the class.

50. The claims of Plaintiff are typical of the claims of the proposed class in that Plaintiff was paid an hourly wage by Defendant and experienced the same violations of the AMWA that all other class members suffered.

51. Plaintiff and her counsel will fairly and adequately protect the interests of the class.

52. Plaintiff's counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

53. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications with respect to individual members of the class, establishing incompatible standards of conduct for Defendant.

## VI.   FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

54. Plaintiff repeats and re-allege all previous paragraphs of this Complaint as if fully set forth in this section.

55. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA.

56. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

57. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA, 29. U.S.C. § 203.

58. 29 U.S.C. § 207 requires any enterprise engaged in commerce to pay all employees one and one-half (1.5) times their regular wage for all hours worked over

forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

59. Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including non-discretionary bonuses paid to Plaintiff in his regular rate when calculating his overtime pay.

60. Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendants failed to pay Plaintiff an overtime rate of one and one-half (1.5) times his regular rate of pay for all hours worked over forty (40) in each one-week period.

61. Defendant's failure to pay Plaintiff overtime wages owed was willful.

62. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

63. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VII.  SECOND CLAIM FOR RELIEF
(Collective Action Claim for Violation of FLSA)

64. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

65. Plaintiff brings this collective action on behalf of all other Store Managers employed by Defendant to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for unpaid overtime compensation for all the hours they worked in excess of forty (40) each week.

66.  Plaintiff brings this action on behalf of himself and all other hourly-paid employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

67.  29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

68.  Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including non-discretionary bonuses paid to Plaintiff and those similarly situated in their regular rate when calculating their overtime pay.

69.  In the past three years, Defendant has employed hundreds of Store Managers.

70.  Like Plaintiff, other Store Managers regularly worked more than forty (40) hours in a week.

71.  Defendant failed to pay these workers at the proper overtime rate for all hours worked in excess of forty (40) hours in a week, despite their entitlement thereto.

72.  Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the opt-in collective may be properly defined as:

**All Store Managers who worked within the past three (3) years.**

73.  Defendant's conduct and practices, as described above, have been and continue to be willful, intentional, unreasonable, arbitrary and in bad faith.

74.  By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly

situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

75. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

### VIII. THIRD CLAIM FOR RELIEF
### (Individual Claim for Violation of the AMWA)

76. Plaintiff repeats and re-allege all previous paragraphs of this Complaint as if fully set forth in this section.

77. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA.

78. At all times relevant herein, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

79. Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half (1.5) times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

80. Defendant failed to pay Plaintiff an overtime premium for all hours worked in excess of forty (40) hours in a week as required under the AMWA.

81. Despite the entitlement of Plaintiff to payment of lawful overtime payments under the AMWA, Defendant failed to pay Plaintiff a lawful overtime premium.

82. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

83. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the AMWA.

84. Alternatively, should the Court find the Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## IX.   FOURTH CLAIM FOR RELIEF
### (Class Action Claim for Violation of the AMWA)

85. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

86. Plaintiff, individually and on behalf of the members of the proposed class, asserts this claim for damages and declaratory relief pursuant to the AMWA.

87. At all relevant times, Defendant has been an "employer" of Plaintiff and the members of the proposed class within the meaning of the AMWA, Arkansas Code Annotated § 11-4-203(4).

88. Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

89. Defendant classified Plaintiff and members of the proposed class as non-exempt from the overtime requirements of the AMWA.

90. Despite the entitlement of Plaintiff and the members of the proposed class to overtime payments under the AMWA, Defendant failed to pay Plaintiff and the members of the proposed class an overtime rate of one and one-half (1.5) times their regular rates of pay for all hours worked over forty (40) per workweek.

91. Plaintiff proposes to represent the AMWA liability class of individuals defined as follows:

**All Arkansas Store Managers
within the past three (3) years.**

92. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

93. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and the proposed class for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

94. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and members of the proposed class as provided by the AMWA, Plaintiff and members of the proposed class are entitled to an award of prejudgment interest at the applicable legal rate.

**IX.   PRAYER FOR RELIEF**

WHEREFORE, premises considered, Plaintiff Daniel Fryer, individually and on behalf of all others similarly situated, respectfully prays as follows:

A. That Defendant be summoned to appear and answer this Complaint;

B. That Defendant be required to account to Plaintiff, the collective action members and the Court for all of the hours worked by them and all monies paid to them;

C. A declaratory judgment that Defendant's practices alleged herein violate the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.*;

D. A declaratory judgment that Defendant's practices alleged herein violate the AMWA and the related regulations;

E. Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

F. Judgment for damages for all unpaid overtime compensation under the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.*;

G. Judgment for damages for all unpaid overtime compensation under the AMWA and the related regulations;

H. Judgment for liquidated damages pursuant to the FLSA and attendant regulations at 29 C.F.R. §516 et seq., in an amount equal to all unpaid overtime compensation;

I. Judgment for liquidated damages pursuant to the AMWA and the related regulations;

J. For a reasonable attorney's fee, costs and pre-judgment interest; and

K. Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**DANIEL FRYER, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

_____
Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com